UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE WINFIELD,<br>    Plaintiff,<br><br>v.<br><br>LAWRENCE GENERAL HOSPITAL, et al.<br>    Defendants. | *<br>*<br>*<br>*   Civil Action No. 1:16-cv-11482-IT<br>*<br>*<br>* |

MEMORANDUM & ORDER

March 27, 2017

TALWANI, D.J.

Plaintiff Marie Winfield filed this civil rights action for damages arising from an incident at Lawrence General Hospital. For the following reasons, the Motion of the Defendants, Lawrence General Hospital, Michael Fornesi, and Gregory Henderson, to Dismiss the Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6) [#8] is ALLOWED, and Defendants Timothy Dube and Robert Dibenedetto's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) [#25] is ALLOWED IN PART and DENIED IN PART.

I.   Standard

To defeat a Rule 12(b)(6) motion to dismiss, the plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the court construes *pro se* complaints liberally, Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Therefore, in passing on a motion to dismiss, the court first "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016)

(quoting García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)). Next, the court "determine[s] whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (quoting García-Catalán, 734 F.3d at 103).

"Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)," Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Fed. R. Civ. P. 10(c)). Whether statements contained in such exhibits are considered as true, however, depends on the purpose for which they are attached; where the exhibits are attached for the purpose of contesting their accuracy or demonstrating their falsity, the court does not accept the exhibits as true for the purposes of a motion to dismiss. See Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014).

## II. Background

According to the Complaint [#1],[1] on May 15, 2016, Plaintiff arrived at the hospital and spoke with the receptionist stationed at the main entrance. Compl. ¶¶ 8-10. Shortly thereafter, three hospital security guards, including Michael Fornesi, and three police officers from the Lawrence Police Department surrounded Plaintiff. Id. ¶ 11. At the time, a separate civil rights action brought by Plaintiff against Lawrence General Hospital, Fornesi, and a City of Lawrence police officer was pending. Id. ¶ 7; see also Winfield v. Perocchi, No. 14-cv-12219-IT.

Plaintiff alleges that Fornesi "obviously saw the Plaintiff on his close circuit monitor[] and summoned the Lawrence [P]olice." Id. ¶ 12. She alleges that the police officers "brutally grabbed" her and "proceeded to pull [her] by the arm, and push and drag her," rendering her unconscious. Id. ¶ 13. She alleges that, when she came to, the officers were "push[ing] [her] violently" into her husband's car and thereafter closed the door on her right foot. Id. ¶¶ 14, 15.

---

[1] As required when passing on a Rule 12(b)(6) motion to dismiss, the court recounts only the well-plead factual allegations in the complaint, which must be accepted as true, and not Plaintiff's legal conclusions. Saldivar, 818 F.3d at 18.

After the incident, Plaintiff allegedly suffered pain throughout her body, swelling in her foot, post-traumatic stress, and complications to her pre-existing spinal conditions. Id. ¶¶ 15, 26. Plaintiff further alleges that false reports were made regarding the event, that a surveillance video was altered, and that her medical records were improperly accessed. Id. ¶¶ 18, 20, 22-25.

On July 13, 2016, Plaintiff filed this action against Fornesi, Lawrence General Hospital, Gregory Henderson (whom she alleges is the Director of Security of the Lawrence General Hospital), Lawrence Police Sergeant Robert Dibenedetto, and Officer Timothy Dube. Count I of the complaint alleges that Sgt. Dibenedetto and Officer Dube used excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act. Count II alleges that Fornesi, Sgt. Dibenedetto, and Officer Dube retaliated against Plaintiff for exercising her rights under the First Amendment. Count III alleges that Fornesi, Sgt. Dibenedetto, and Officer Dube engaged in concerted action to violate Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment and the Civil Rights Act of 1964. Count IV alleges that Henderson and Lawrence General Hospital are vicariously liable for Plaintiff's injuries.

   III.   Discussion

      A.   Count I

Plaintiff claims use of excessive force in violation of the Fourth and Fourteenth Amendments[2] and the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I, by Sgt. Dibenedetto and Officer Dube (Count I). Defendants Sgt. Dibenedetto and Officer Dube argue that they are entitled to qualified immunity on these claims. "'Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or

---

[2] Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983, which provides a vehicle for redressing constitutional violations caused by municipal or state actors.

constitutional right that was clearly established at the time of the challenged conduct.'" Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015) (quotation marks and citation omitted). A qualified immunity analysis is two-fold: the court must first decide whether the facts, taken in light most favorable to the plaintiff, "make out a violation of a constitutional right," and then decide "whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citation omitted). The second step of the analysis involves "consider[ing] both whether the contours of the constitutional right were sufficiently clear at the time of the alleged conduct and also whether, under the particular facts of the case, a reasonable officer would have understood that his behavior violated that clearly established right." Sanchez v. Pereira-Castillo, 590 F.3d 31, 52-53 (1st Cir. 2009).

Excessive force claims stemming from seizures are analyzed under the Fourth Amendment reasonableness standard. Graham v. Connor, 490 U.S. 386, 394 (1989). Because police are authorized to "use some degree of physical coercion or threat thereof to effect" a seizure and because "[n]ot every push or shove . . . violates the Fourth Amendment," id. at 396, "a plaintiff must show that the defendant officer[s] employed force that was unreasonable under the circumstances," Jennings v. Jones, 499 F.3d 2, 11 (1st Cir. 2007) (citing Graham, 490 U.S. at 397). The determination of reasonableness "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)). The reasonableness inquiry further commands "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether [s]he [was] actively resisting arrest or attempting to evade arrest by flight." Id.

When Plaintiff's allegations are accepted as true, which the court must do at this stage of the litigation, Plaintiff has pleaded a colorable claim of excessive force. Based on the allegations in her complaint, she posed no threats to the safety of the officers or others in the hospital, nor was she engaged in criminal conduct. Nonetheless, according to Plaintiff, the officers used brute physical force to push and drag her from the hospital and force her into her husband's car, and injured her foot by closing the car door on it. Taken as true, these allegations cannot be said to be reasonable as a matter of law. Accordingly, the court defers review of the qualified immunity defense at this time.

In moving for dismissal of Plaintiff's claims, Defendants urge the court to accept as true the police report and Fornesi's incident report that are appended to the complaint as exhibits and which they contend controvert Plaintiff's allegations. See Compl. Ex. 1 [#1-2] (Lawrence Police Department Incident Report); Ex. 2 [#1-3] (Lawrence General Hospital Security Department Operations Incident Report).[3] However, where, as here, "a civil rights plaintiff attaches a police report to [her] complaint and alleges that it is false, . . . the contents of the report cannot be considered as true for purposes of ruling on a motion to dismiss." Saunders, 766 F.3d at 1270. The court therefore does not consider the statements in the reports as true at the motion-to-dismiss stage, without prejudice to the officers submitting the reports as exhibits to affidavits in support of an early motion for summary judgment. If such a motion is filed before discovery commences, Plaintiff may respond by affidavit stating what discovery, if any, she seeks in order to present facts essential to justify any opposition. See Fed. R. Civ. P. 56(d).

---

[3] Sgt. Dibenedetto argues further that the reports show that he did not interact directly with Plaintiff.

### B. Counts II and III

Plaintiff alleges that Sgt. Debenedetto, Officer Dube, and Fornesi retaliated against her for exercising her rights under the First Amendment (Count II) and conspired to racially discriminate against her in violation of the Fourteenth Amendment and the Civil Rights Act of 1964 (Count III). Her First Amendment retaliation claim arises under 42 U.S.C. § 1983, and she brings the racial discrimination claim under 42 U.S.C. §§ 1983 and 1985.

#### 1. Section 1983

To sustain a claim brought under Section 1983, Plaintiff must demonstrate that "'the challenged conduct [is] attributable to a person acting under color of state law' and that 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013) (quoting Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997)). To act under the color of law, "[a] defendant may be a state actor because he is a state official, because he acted together with a state official, or because his conduct is otherwise chargeable to the State." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000).

As an initial matter, Plaintiff alleges that "Fornesi is a security guard employed by Lawrence General Hospital," not a state official. Compl. ¶ 3 [#1]. Plaintiff has not sufficiently alleged that Fornesi acted with the police officers to deprive her of her rights or that his conduct can otherwise be attributed to the state. She alleges that Fornesi learned she was on the premises, called the police, and told them of the then-pending lawsuit. Compl. ¶¶ 12, 64. Taken as true, as the Rule 12(b)(6) standard commands the court to do, Plaintiff's allegations do not demonstrate that Fornesi acted together with the police to deprive her of her constitutional rights.

As a private hospital, Lawrence General Hospital was entitled to exclude from its property an opposing party to pending litigation who was not seeking or in need of immediate medical attention. See Afrasiabi v. Harvard Univ., 39 F. App'x 620, 623 (1st Cir. 2002) ("The Massachusetts no-trespass statute [Mass. Gen. Laws ch. 266, § 120] entitles a property owner to summarily revoke a licensee's right to enter the premises."). Merely advising the officers about the existence of a lawsuit does not constitute collusion. Plaintiff has not alleged additional facts to support her contention that Fornesi and the officers worked together to deprive her of her rights, or even that the officers were aware of Fornesi's allegedly retaliatory motives. The conclusory statements that Fornesi "acted in concert and joint action" with Sgt. Dibenedetto and Officer Dube or that they acted "through a 'meeting of the mind,'" without facts supporting such allegations, are not enough. Compl. ¶¶ 49, 66; see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

When taken as true, for the purpose of Rule 12(b)(6), the facts alleged in the complaint show at most that Fornesi, who is not a state official, sought to have Plaintiff removed from the hospital because she was suing it. The facts as alleged are insufficient to attribute Fornesi's actions to the state. Because Plaintiff has failed to establish that Fornesi acted under the color of law, Section 1983 is not the appropriate vehicle for these claims. Cape Cod Nursing Home Council v. Rambling Rose Rest Home, 667 F.2d 238, 242 (1st Cir. 1981) ("Since the plaintiffs had no right to be on the property, the police action in removing them could not in itself create such a right where none existed before").

Similarly, Plaintiff has not alleged facts to support the claim that the police officers sought to remove her for any reason other than Fornesi's claim that she was trespassing. Given that Plaintiff has not alleged facts that Sgt. Debenedetto and Officer Dube acted with the intent to

7

retaliate against her for exercising her First Amendment rights or to discriminate against her on the basis of her race, they cannot be held liable on this basis.

2. Section 1985

Neither is relief available under Section 1985, which "permits suits against those who conspire to deprive others 'of the equal protection of the laws, or of the equal privileges and immunities under the law.'" Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012) (quoting 42 U.S.C. § 1985(3)). To succeed on a Section 1985 claim, Plaintiff must prove "(1) a conspiracy, (2) a conspiratorial purpose to deprive [her] of the equal protection of the laws, (3) an overt act in furtherance of the conspiracy, and, lastly, (4) either (a) an injury to person or property or (b) a deprivation of a constitutionally protected right." Id. (quoting Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)) (internal quotation marks omitted). For the reasons set forth above, Plaintiff has not sufficiently pleaded the existence of a conspiracy among Fornesi and the police officers. Even when the court accepts as true—as it is required to do at this stage of the litigation—the allegation that Fornesi sought to deprive Plaintiff of the equal protection of the laws, she has failed to allege that the officers acted with this purpose. Rather, the complaint alleges only that Fornesi said that he wanted her to be removed from the property and that there was a pending lawsuit. The conclusory allegation that there was "a 'meeting of the mind[s],'" Compl. ¶ 66 [#1], without more, is not enough to plead the existence of conspiracy.

Further, "[a] [S]ection 1985 claim requires some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Soto-Padró, 675 F.3d at 4 (quoting Pérez-Sánchez, 531 F.3d at 107) (internal quotation marks omitted). Plaintiff has failed to satisfy this requirement. She alleges that Fornesi's statements in his incident report that she

made "demand[s]" and "likes to cause a scene and refuse to cooperate" "carr[y] racial and discriminatory undertone[s]." Compl. ¶ 22. However, these statements lack any mention of race or a protected class. The court is not required to credit Plaintiff's unsupported conclusions of racial animus. Iqbal, 556 U.S. at 678.

    C. Count IV

In Count IV, Plaintiff charges that Gregory Henderson and Lawrence General Hospital are vicariously liable for her alleged injuries. Plaintiff offers no ground to hold Henderson liable for the actions of any other Lawrence General Hospital employees. And in any event, neither Henderson nor Lawrence General Hospital can be held liable for Fornesi's actions, because Plaintiff has not sufficiently pleaded her claims against Fornesi. Santana-Concepción v. Centro Médico del Turabo, Inc., 768 F.3d 5, 15 n.10 (1st Cir. 2014). Further, Plaintiff alleges that her injuries resulted from the police officers' use of force, not that they were directly caused by Fornesi or another Lawrence General Hospital employee. Finally, to the extent Plaintiff alleges that Henderson and Lawrence General Hospital are vicariously liable for an alleged breach of medical records, this claim arises under state law. See Miller v. Nichols, 586 F.3d 53, 59-60 (1st Cir. 2009) (refusing to create a private right of action under the Health Insurance Portability and Accountability Act (HIPAA)). Because the court dismisses the federal claims against Fornesi, Henderson, and Lawrence General Hospital, and no other grounds for jurisdiction of claims against them exist, the court declines to exercise supplemental jurisdiction over this claim. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966).

  IV. Conclusion

For the foregoing reasons, the Motion of the Defendants, Lawrence General Hospital, Michael Fornesi, and Gregory Henderson, to Dismiss the Plaintiff's Complaint Pursuant to

F.R.C.P. Rule 12(b)(6) [#8] is ALLOWED and Defendants Timothy Dube and Robert Dibenedetto's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) [#25] is ALLOWED IN PART and DENIED IN PART.

    IT IS SO ORDERED.

Date: March 27, 2017                                                                                 /s/ Indira Talwani
                                                                                                United States District Judge